CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 08 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH LEONARD BELL,<br>Petitioner, | ) ) ) | Civil Action No. 7:15-cv-00523 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| BERNARD W. BOOKER,<br>Respondent. | ) ) ) | By:   Hon. Michael F. Urbanski<br>United States District Judge |

Joseph Leonard Bell, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court conditionally filed the petition, advised Petitioner that the petition appeared to be untimely filed, and granted Petitioner the opportunity to explain why the petition was timely filed. Petitioner has responded, and this matter is ripe for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

## I.

The Circuit Court of Louisa County sentenced Petitioner on September 10, 2012, to serve thirty years' imprisonment after Petitioner pleaded guilty to various child pornography crimes. Although Petitioner did not appeal to the Court of Appeals of Virginia, he filed a motion to modify sentence with the Circuit Court of Louisa County, which denied the motion on December 19, 2012.

Nearly two years later on October 2, 2014, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition on March 26, 2015. Petitioner filed the instant federal petition on October 2, 2015. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, 562 U.S. 545, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies the petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's convictions became final by no later than January 2013 when the time expired for Petitioner to note an appeal from the Circuit Court of Louisa County. See Va. Sup. Ct. R. 5:9(a), 5A:6(a). Petitioner filed his state habeas petition in October 2014, more than one year after his convictions became

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

final. Because the statute of limitations had already expired by the time Petitioner filed his state habeas petition, statutory tolling is not permitted. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive a period of limitation that had already expired).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed his federal habeas petition more than one year after the convictions became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

3

## III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This _____ day of December, 2015.

/s/ Michael F. Urbanski

United States District Judge

4